PEOPLE, PLAINTIFF AND APPELLEE, *v.* GARZOT, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in a Prosecution for Violation of the Municipal Ordinances.

No. 990.—Decided June 24, 1916.

MUNICIPAL ORDINANCE—EVIDENCE.—When an ordinance is an essential element of proof and is unconstitutional or unlawful, it is incompetent for the purpose of obtaining a conviction.

ID.—JUDICIAL NOTICE—BURDEN OF PROOF.—Municipal courts and district courts in the trial of cases *de novo* should take judicial notice of municipal ordinances; and when the defendant alleges that the ordinances are not law because they have not been duly approved, the burden is upon him to prove the same.

ID.—LICENSE TAX—SHOW OR EXHIBITION—THEATRE—CINEMATOGRAPH—REPEAL.—The power or authority of a municipality to impose a license tax upon public shows or exhibitions, such as theatres or cinematographs, conferred by the Act of 1906, was not revoked by Act No. 134 of 1913 (License Tax Act) providing for commercial and industrial licenses, for such intention is not revealed. Implied repeals are not favored. The municipal ordinance of Naguabo of May 28, 1914, and said Act No. 134 can be harmonized.

ID.—THEATRE—LICENSE TAX—PUBLIC AMUSEMENTS.—Theatres and public shows are not included in the tariff of license taxes following section 74 of the Municipal Act of 1906; therefore, prior to the enactment of Act No. 134 of 1913 no tax was imposed upon the business of managing theatres or public shows, and licenses could only be imposed on public amusements or shows under paragraph 7 of section 70 of the Act of 1906. The management of a theatre and the furnishing of public amusements and shows are different.

ID.—DOUBLE TAX—DISCRETION OF LEGISLATURE.—The mere fact that a tax is double does not affect its validity unless it operates in an unequal manner on the same class or classes of the community. The question of whether there should be a double tax is generally a matter for the discretion of the Legislature; therefore the ordinance of the municipality of Naguabo of May 28, 1914, is not void because it may impose a double tax.

ID.—PUBLIC AMUSEMENTS—LICENSE TAX—PRESUMPTION.—When the municipality of Naguabo passed its ordinance of December 3, 1914, its intention was to impose a fine of ten dollars on public-amusement concerns which failed to pay the license tax and a fine of five dollars on those which failed to pay the other taxes enumerated. It is not unreasonable, arbitrary, or unfair to separate public amusements and shows from other businesses subject to the payment of license taxes. The reasonableness of ordinances is presumed.

The facts are stated in the opinion.

*Messrs. Arturo Aponte, Jr.* and *Ramón P. Rodríguez Alberty* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

In this and eight other cases complaints were filed against Juan Garzot, Jr., for having given exhibitions of a cinematograph without paying a dollar for each exhibition, as required by a certain municipal ordinance of the city of Naguabo. He was convicted by the local court of Naguabo under another special ordinance and on appeal to the District Court of Humacao was likewise convicted and fined ten dollars in each case. When the several municipal ordinances on which the convictions depend were offered in evidence, the defendant objected on various grounds, some of them going to the constitutionality and legality of the said ordinances.

We cannot agree with the *fiscal* that objections to the constitutionality or legality of an ordinance cannot be made at the time that such ordinance is offered in evidence. If the ordinance is an essential element of proof and is unconstitutional or illegal, the said ordinance is incompetent evidence for the purpose of securing a conviction. The court admitted the ordinances. In any event, if the said ordinances were unconstitutional or illegal for any reason, the convic-

tions in these cases cannot stand, so that we shall discuss
the errors somewhat in the order that they have been pre-
sented by the appellant.

We agree with the *fiscal* that both of the courts below
should take judicial notice of the municipal ordinance. *Peo-
ple* v. *Suárez,* 23 P. R. R. 226; *People* v. *Nochera,* 23
P. R. R. 561; 16 Cyc. 899. As the district court could and
did take judicial notice of the said ordinances, it was the
duty of the appellant to show that that court and this court
could not hold that the said ordinances never became law
because they lacked some requisite of approbation by the
mayor, or otherwise. There is nothing in the record to
show that the ordinances were not duly passed, and the first
assignment of error cannot prevail.

In the second assignment the appellant maintains that
the ordinances were void because they were in conflict with
the Organic Act and with the statutes of Porto Rico. Under
this head the appellant discusses the alleged unconstitution-
ality of the said ordinance or ordinances, but the objections
to the ordinances, in crystalized form, are two: First, that
the power or authority of the municipality to impose a
license tax on public shows or exhibitions has been repealed
by Act No. 134 of 1914, familiarly known as the *Patente* Law,
wherein commercial or industrial taxes are imposed; second,
that the ordinance of May 28, 1914, passed by the munici-
pality of Naguabo is void because it is a form of double
taxation. The ordinance is as follows:

"Municipality of Naguabo. Fiscal year 1914–1915. Ordinance.
An ordinance for the levy and collection of municipal taxes for the
year 1914–15. Whereas, the municipal law authorizes the munici-
palities of Porto Rico to levy and collect certain taxes for the purpose
of covering their appropriations: Whereas, the municipality of Na-
guabo desires to adopt this means to cover the appropriations for
the coming fiscal year 1914–15: Therefore, it is ordered by the
municipal council of Naguabo that the following taxes be levied and
collected during the said fiscal year 1914–15: On each 25 lbs. of

beef slaughtered for public consumption, 25 cts.  On each hog, 50 cts.
On each goat or sheep, 25 cts.  On each slaughterhouse, 75 cts. for
each head of beef cattle; 50 cts. for each hog; 25 cts. for each goat
or sheep.  On each certificate of the mayor, 75 cts.  On each certifi-
cate of the civil registry, 25 cts.  On each head of cattle, horse, ass
or mule taken to the animal pound, $1.  On each hog or sheep taken
to the animal pound, 50 cts.  On each certificate of cattle brand, 50
cts. · On each public show, $1.''

Section 70 of the Municipal Law of March 8, 1906, page
126, provides as follows:

"Any municipality shall have power to derive its revenue from
the following sources, and no taxes, imposts or excises, other than
those herein enumerated, shall be levied by a municipality, unless
expressly authorized by this Act, or by the laws of Porto Rico.

      *       *       *       *       *       *       *

"(7) Charges for permits for public amusements and shows;

      *       *       *       *       *       *       *

"(10) The proceeds of any commercial or industrial licenses is-
sued under the provisions of this Act."

And under section 12 of said Act No. 134, as amended in
1914, it is provided as follows:

"That every person, firm, association, partnership, corporation,
etc., who or which conducts any business or industry as herein pro-
vided shall pay license taxes in accordance with the following classi-
fication (among many others):

"Privately-owned theaters, moving-picture shows and similar es-
tablishments for public amusement, first class, $25; second class, $20;
third class, $15; fourth class, $10; fifth class, $5."

Apparently, the appellant is disposed to concede that
prior to Act No. 134 of 1914 the municipality would have
had a right to collect the tax in question, namely, of one dollar
for every performance of a cinematograph; but he maintains
that the said occupation tax is covered by said Act No. 134
in its twelfth section, *supra*.  If sections 72, 73 and 74 of
the Municipal Law of 1906 be examined, it will be seen that
the municipalities are prohibited from levying any license

fee for any occupation not enumerated in the schedule following section 74. In said schedule theaters and shows are in nowise included; hence, prior to 1914, there was no occupation tax on theaters or shows, and a license could only be levied on them by virtue of their being public amusements or shows. They were then taxable under subdivision 7 of section 70 of the Municipal Law or else they were not taxable at all. The appellant maintains that the said subdivision 7 refers to diversions and shows like exhibitions, circuses and performances and not to legally established theaters and shows. We think it is evident from the history of this section that prior to 1914, at least, it was the intention of the Legislature that theaters and shows should be taxed as public amusements and shows under subdivision 7.

The evident intention of Act No. 134 was to take away from a municipality the power to levy occupation taxes and to place it in the hands of the Treasurer of Porto Rico. So far as theaters and shows could be considered occupations within the intendment of subdivision 10 of the law of 1906, the Legislature took no power away from the municipality which it had before, because, as we have seen, the municipality had no power to levy a license tax on theaters and shows under said subdivision 10. It is evident that up to 1914 the Legislature regarded theaters and shows as distinct from an ordinary industry or commercial occupation.

In 1914, however, the legislature regarded a theater or a show as a business or industry and placed a tax on them varying from five to twenty-five dollars a year. The Legislature then said, and we think it is a fact, that there was such a business or industry as a theater or moving-picture show.

Now, we think that the owning or conducting of a theater in general is somewhat different from the giving of a public spectacle therein. A number of things might be done in a

theater that would not be a public spectacle or diversion within the intendment of Act No. 134 of 1914. The particular spectacle might be owned by one person and the theater by another, as very frequently happens. The ordinance of Naguabo is purely a revenue ordinance, but it might very well have been that the Legislature desired to leave the control of local amusements and the performing thereof within the control of the municipal authorities. See Dillon on Municipal Corporations, section 661 *et seq.* (5th ed.). Public shows and amusements are presumably productive of revenue and are able to bear a burden of taxation. The fact that the Legislature in taxing theaters and shows limited the annual tax to twenty-five dollars is an indication that the Legislature regarded the occupation of conducting a theater as a different thing from the giving of public amusements or shows. The license in this case was for a theater specially dedicated to moving-picture shows.

The appellant insists that the tax is double. The authorities are clear that the mere fact that taxation is double would not affect its validity, unless it operates unequally on the same class or classes of the community. Cooley on Taxation, (3rd ed.), vol. 1, p. 391 *et seq.* The question whether there should be double taxation or not is generally a matter within the discretion of the Legislature itself. Cooley on Taxation, *supra,* p. 388 *et seq.* 37 Cyc. 752, note 8.

In 1914 we think the legislature simply desired to put a burden on the occupation of theaters and shows. It may be, as appellant maintains, that it does put an additional burden, but the law of 1914 puts this burden on all classes of occupations and, in a somewhat limited way, on theaters and shows. The right of the municipality to levy license taxes for each public spectacle existed before 1914, and we think the proper way to regard the law of 1914 was as one imposing an additional occupation tax on said theaters and

amusements. The tax does not fall heavily and in any event we are inclined to think that the double taxation would be the taxation finally imposed, if we are right in regarding that the municipalities had the right to collect a license tax for every public show or performance. We do not think that the law of 1914 repealed *pro tanto* the law of 1906 because no such intention is revealed, and repeals by implications are not favored. Cooley on Taxation, (3rd ed.), Vol. 1, p. 502; *Ponce Lighter Co.* v. *Municipality of Ponce*, 19 P. R. R. 751; *Pérez* v. *Succession of Collado*, 19 P. R. R. 1007; *Portela* v. *Registrar of San Juan*, 22 P. R. R. 87 (brief of *fiscal*). The two laws can stand together. But even if it should be considered as double taxation, we do not think it is imposed unjustly or unequally.

The third assignment of error is based on the refusal of the court to declare the ordinances void inasmuch as they were alleged to be unreasonable, oppressive, unjust, and unequable. The ordinance to which this assignment of error relates is the ordinance fixing a penalty for the violation of the ordinance of May 28, 1914, *supra.* The second ordinance is dated December 3, 1914, and is as follows:

"I, José R. Torres, Municipal Secretary of Naguabo, hereby certify that, as shown by the records of this municipality, at a special session of December 3, 1914, the following ordinance was adopted and approved by the mayor: Whereas, section 70 of the Municipal Law authorizes the municipalities to derive their revenues from the sources enumerated in the tax ordinance adopted by this municipal council on March 28, 1914, to cover its budget for the fiscal year 1914–15: Whereas, delay in payment or refusal to pay said taxes may be the cause of obstruction to the good government of this municipality; Therefore, it is ordered by the municipal council of Naguabo: Section 1.—That all persons who *refuse to pay* the taxes enumerated in the said ordinance adopted by this municipal council on March 28, 1914, may be complained of before the justice of the peace of this municipality who shall impose upon them a fine of *five* dollars. Section 2.—That it shall be an indispensable requisite for the giving of any *public show* first to obtain a receipt showing

that the municipal tax has been paid.  All persons who violate this provision shall be likewise complained of and a fine of *ten* dollars shall be imposed upon them.  Section 3.—This ordinance shall take effect upon its *approval* by the mayor and copies thereof are issued to the justice of the peace and the chief of Insular Police of this district. This copy is issued at the request of the district *fiscal* in Naguabo, P. R., this 26th day of June, 1915.  (Signed) José R. Torres, Municipal Secretary.''

The gravamen of this assignment of error is that the violation of the ordinance of May 28 is in the first section made subject to a penalty of five dollars while in the second section a public amusement is subjected to a fine of ten dollars for failure to have a receipt showing the payment of the license tax.  The appellant maintains that he is subjected to a fine of five dollars for not paying the tax, and also to a fine of ten dollars for not having the receipt.  We think that the second section is perhaps ambiguously expressed, but we think it was the intention of the municipality to subject amusements to a fine of ten dollars for failure to pay the license, and the failure to pay the other enumerated licenses to a fine of five dollars.  It would be an unreasonable construction of the said ordinance to hold otherwise and ordinances should be given a reasonable construction.  The appellant does not show and does not complain that he has been fined twice, and if he had been fined twice we should be disposed to hold that the fine of five dollars was illegal on the supposition that the subsequent fine of ten dollars was legally ordained.

We do not find it unreasonable, arbitrary, or unjust for the municipality to segregate public shows and amusements from the other subjects of taxation mentioned in the ordinance of March 28.  The reasonableness of an ordinance is presumed and we find no unreasonableness in the requirement that a fine of ten dollars may be imposed on a moving-picture show or similar amusement for failure to pay the one-dollar license tax.  The moving-picture shows are not

discriminated from other public amusements. If the municipality made differences in the fines to be imposed, we think it was within the sound discretion of the said municipality.

The judgment appealed·from must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.